THE CITY OF NEWARK ET AL. *v.* RICHTER.

*Municipal corporations — Emergency ordinances — Failure to receive two-thirds vote — Inoperative after referendum period, when.*

An ordinance introduced as an emergency ordinance, but failing to receive the votes of two-thirds of the members of council, does not thereafter become a valid general ordinance upon expiration of thirty days after its passage, but is and remains without force or effect.

(Decided December 26, 1916.)

ERROR: Court of Appeals for Licking county.

*Mr. Ralph Norpell,* city solicitor, and *Messrs. Fitzgibbon, Montgomery & Black,* for plaintiffs in error.

*Mr. Phil. B. Smythe; Mr. S. L. James* and *Mr. L. C. Russell,* for defendant in error.

HOUCK, J. This is an error proceeding and comes into this court from the common pleas court of Licking county, Ohio. The parties here stand in the reverse order from which they stood in the

court below. The petition of the plaintiff below, James Richter, is as follows:

"On the 28th day of March, 1916, and for a long time prior thereto, the plaintiff was a duly appointed, qualified and acting policeman of the city of Newark, Ohio.

"On the 28th day of February, 1916, certain members of the council of said city and the above named defendants unlawfully conspired together to unlawfully discharge certain members of the police force of said city and to defeat the provisions of the statutes of the state of Ohio relating to civil service, and unlawfully conspiring to defeat the operation of the statutes of Ohio relating to the referendum of ordinances, caused to be introduced for passage in the council of said city two certain ordinances entitled, respectively, Ordinance No. 2570, fixing the number and salary of the police department, and Ordinance No. 2569, repealing Ordinances Nos. 2135, 2196 and 2291, and portions of Ordinances Nos. 2171 and 2031. Said ordinances are hereto attached and made a part of this petition.

"Said ordinances were introduced as and purported to be emergency ordinances, but the plaintiff says that said ordinances did not receive the necessary number of votes to be legally passed, yet notwithstanding the same, defendant caused said ordinances to be published and thirty days after the passage thereof the above named defendants attempted to put said ordinances into effect.

"Plaintiff says that, relying upon the authority of said pretended ordinances, and without any charges of misconduct being filed against him, and

contrary to the provisions of the law relating to the referendum of ordinances, said above named defendants have attempted to discharge plaintiff from his said position as policeman, and from that time hitherto have refused to permit him to perform the duties of his said office and have refused to pay him the salary due him as such policeman.

"Plaintiff says that said pretended ordinances are wholly unlawful and invalid and not effective in this, that although the same purport to be emergency ordinances the same did not receive a sufficient number of votes to be passed as such. That the same are not valid as general ordinances or ordinances other than emergency ordinances for the reason that under the law of Ohio all general ordinances are subject to referendum, but when declared to be emergency ordinances they are not subject to referendum.

"That the plaintiff has no adequate remedy at law.

"Wherefore, the plaintiff prays that said two pretended ordinances be declared unlawful, invalid and of no effect. That his pretended discharge as such police officer be set aside and held for naught and that defendants be required to reinstate him as such officer and be enjoined and restrained from interfering with him in the proper performance of his duties as such officer, and he prays for all proper relief."

The answer filed by the defendants is as follows:

"Now come the defendants and for their answer herein say that they admit that plaintiff was on the 28th day of March, 1916, duly appointed, qualified and acting police officer of the city of

Newark, Ohio. That said defendants deny each and every other allegation contained in said petition.

"Further answering said defendants say that on the 28th day of February, 1916, the council of said city of Newark, state of Ohio, duly passed an ordinance by the terms of which the number of authorized patrolmen of said city was reduced from sixteen to eleven; that said ordinance was in full force and effect March 30th, 1916, and still is in full force and effect; that when said ordinance went into effect there were fourteen patrolmen in the service of said city.

"On the 20th day of March, 1916, in order to comply with said ordinances the services of three patrolmen, to-wit, Martin L. Shively, the plaintiff, James Richter, and John Jones were dispensed with in accordance with the civil service law of the state of Ohio, said three men having at that time been the most recently appointed policemen on the police force of said city.

"Wherefore, said defendants pray that said petition be dismissed at costs of plaintiff and for all proper relief, to which said answering defendants are entitled to in law and equity."

Upon these pleadings and the evidence the cause was submitted to the trial judge, who found for the plaintiff below, the defendant in error here. Error is prosecuted to this court, seeking a reversal of the judgment below, and while a number of alleged errors are complained of, as set forth in the petition in error, yet counsel for plaintiffs in error in oral argument urged but one ground

of error, namely, that the judgment is against the evidence and is contrary to law.

From an examination of the record in this case we are of the opinion that only one question is presented for decision by this court, which will determine the proper solution of the questions raised by the issues made in the pleadings and the evidence offered in the cause, namely: Was the ordinance in question properly and legally passed by the city council of Newark, Ohio?

Section 4 of said ordinance provided as follows:

"That this ordinance is hereby declared to be an emergency ordinance for the reason that the amount of money collectible for use in the year 1916 for the department of public safety is insufficient to pay the salaries and expenses of said department on its present basis."

It is admitted by the parties to this controversy, and as a matter of fact is also shown by the testimony, that the city council of the city of Newark consisted of nine members and that the ordinance in question on final passage received five votes for and four against its passage.

The evidence as to proceedings had when said ordinance was on its final passage, as contained in Journal No. 16 of the minutes kept by the city clerk of the city of Newark, also shows the following:

"By Alexander, Curry, Adams.

"Fixing the number and salaries of the members of the police department.

"On motion of Alexander, seconded by Curry, that the rules be suspended and the ordinance passed on second and third reading and final pas-

sage was lost by the following vote: Yeas: Adams, Alexander, Curry, Keyes, Knauber, five; nays, Seward, Shirer, Stasel, three."

The ordinance under consideration was an emergency ordinance, and was introduced as such, and in order that it be legally passed it was necessary for it to receive upon a yea and nay vote the votes of two-thirds of all members elected to the city council, which did not occur in this case, there being nine members of the city council and the ordinance on final passage receiving five votes for and four against. Therefore the minutes of the city clerk properly show that it was lost.

The minutes further show that at the regular meeting on February 21, 1916:

"Ordinance No. 2570.

"By Alexander, Curry, Adams.

"Fixing the number and salaries of the members of the police department.

"Note—Vote was taken by the council that is on page 227."

The minutes further show at a special meeting held on February 28, 1916, regularly called, all members notified under sworn statement for the purpose of transacting general business, ordinance on third reading:

"Ordinance No. 2570.

"By Alexander, Adams, Curry.

"Fixing the number and salaries of the members of the police department.

"On motion of Adams, seconded by Curry, the ordinance was passed by the following vote: yeas, Adams, Alexander, Curry, Keyes, Knauber, five; nays, Beadle, Seward, Shirer, Stasel, four.

"Passed by a majority vote, five to four."

But it is contended by counsel for plaintiffs in error that it could and did become a valid ordinance as a general ordinance after thirty days from the time it was filed with the mayor of said city, notwithstanding the fact that as an emergency ordinance it only received five votes on final passage.

We do not think this claim is sound, because the ordinance was introduced as and for an emergency ordinance, and it does not seem to us proper or reasonable to claim that after it failed to pass, under favor of the statute, as an emergency ordinance, it could then take life and become effective, under the statute, as a general ordinance. To us this appears to be a clear evasion of the plain provisions of Sections 4227-2 and 4227-3, General Code, as found in Supplement No. 2 of Page & Adams' General Code of Ohio.

It is strongly urged by counsel for plaintiffs in error that the decision in the case of *County of Miami et al.* v. *City of Dayton,* 92 Ohio St., 215, is decisive of the case at bar.

We can not agree with learned counsel in their claim in this respect. We have examined the opinion in the case cited by counsel and hold that the doctrine laid down in that case is not applicable to the case at bar, for the reason that the mode and manner necessary for the enactment of a measure into a law by the legislature of Ohio are entirely and wholly different from the proceedings necessary to pass an ordinance by a city council.

In view of what we have already said, and upon an examination of the entire record in this case, we find no error in the record prejudicial to the rights of the plaintiffs in error, and therefore hold that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and POWELL, JJ., concur.